121 A.2d 911 (1956)
Petition of George W. WRIGHT to Remove Eldad C. Wright as Trustee Succeeding Frank D. Wright, Deceased, a former trustee under the Will of the said Charles George Wright, deceased.
Court of Chancery of Delaware, Kent County.
April 9, 1956.
*912 George R. Wright, Dover, for petitioner, George W. Wright.
John B. Hutton and Joshua M. Twilley, Dover, for defendant, Eldad C. Wright.
SEITZ, Chancellor.
This is a petition by the surviving heir of a remainderman of the trust, who is also the executor of the testamentary trustee's estate, seeking the removal of the successor trustee on the following grounds:
1. The successor trustee has an interest in remainder in the trust which is in conflict with his position as trustee.
2. He is the brother of the income beneficiary of the trust and subject to the importunities of the income beneficiary and therefore not competent to act as trustee.
3. He is a resident of Pennsylvania and therefore beyond the jurisdiction of this Court.
Preliminarily, the defendant successor trustee contends that the petitioner has no standing to file this petition. However, I shall assume that the petitioner has such status in this case.
The petitioner suggests that his petition should be treated as though his objections had been raised prior to appointment of defendant because petitioner received no notice prior thereto. Under our practice there is no legal requirement that all interested parties must be notified before a successor trustee is appointed. Certainly, it would be preferable to notify interested parties before presenting such a petition. Then grounds such as those advanced by petitioner here could be more fairly evaluated at the time the appointment is under consideration. However, I cannot agree that the approach suggested by petitioner should be here adopted. The removal of a trustee, at best, may have unpleasant connotations which mere words cannot dispel. Factors which might militate against the original appointment by the Court will not necessarily constitute grounds for removal. It is a discretionary matter. There is no suggestion that the successor trustee is not otherwise qualified or that the assets are not properly secured. The successor trustee was appointed on the petition of the income beneficiary only two months before the present petition was filed and petitioner makes no attack upon the administration of the trust during that period.
In his brief petitioner concedes that the grounds alleged for the removal are not absolutely disqualifying grounds as a matter of law in this case. My examination of the admitted allegations and the terms of the will shows that there is no legal conflict of interest or disqualifying influence involved. There is no power to invade corpus. While not controlling, it may also be noted that the testamentary trustee was a brother of the income beneficiary and also had an interest in remainder.
Finally, petitioner points to the admitted fact that the successor trustee is not a Delaware resident. The petitioner properly criticizes the fact that the petition for appointment of a successor trustee, which also suggested the name of the successor, did not mention that he was a resident of Pennsylvania. This fact should have been set forth. I am willing to assume that it was either an oversight or an improper determination that it was irrelevant. Under the circumstances the present petition will be denied on the condition that the successor trustee and his surety execute proper instruments appointing the Register in Chancery for Kent County or his successor as to such duties as their agent to receive process in all actions dealing with the administration of the trust. Otherwise the successor trustee will be removed.
An appropriate order may be submitted.